UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACCIDENT INSURANCE COMPANY, INC., | § § § § | |
| *Plaintiff*, | § § | Civil Action No. 3:24-CV-0877-X |
| v. | § § | |
| PEDRO VELAZQUEZ, d/b/a PETE VELAZQUEZ CONSTRUCTION, | § § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Pedro Velazquez's motion for partial summary judgment (Doc. 21), Velazquez's motion to abate proceedings as to the duty to indemnify (Doc. 28), Accident Insurance Company, Inc.'s (Accident Insurance) motion to extend time to mediate (Doc. 30), and Accident Insurance's motion to continue (Doc. 34). The Court **GRANTS** the motion for partial summary judgment and **FINDS AS MOOT** the motions to abate, extend time to mediate, and to continue. Further, the Court **VACATES** all deadlines postdating the filing of the motion to abate. The Court **ORDERS** the parties to file a status report within 30 days of the resolution in the district court of the underlying lawsuit and **ORDERS** the parties to file a status report every six months from the date of this order.

**I. Factual Background**

This is a lawsuit about a lawsuit. In a separate case, Seville Homeowners Association sued D.R. Horton America's Builder and D.R. Horton, Inc. (collectively,

1

D.R. Horton), for damages arising from construction defects in certain townhomes. D.R. Horton then filed third-party claims against Velazquez (the defendant in the instant case) in that suit apparently arising from his masonry work on the townhomes. Accident Insurance insured Velazquez and his policy contained a "duty to defend" provision, providing that: "We will have the right and duty to defend the insured against any 'suit' seeking . . . damages."[1] When D.R. Horton brought its third-party claims, Accident Insurance brought the instant declaratory action to clarify whether Accident Insurance is under a duty to defend or indemnify Velazquez.

## II.  Motion for Partial Summary Judgment

Velazquez seeks a partial summary judgment on the question of the duty to defend. Accident Insurance now admits it has a duty to defend him in the underlying suit.[2] Accordingly, the Court **GRANTS** the motion for partial summary judgment as to the duty to defend.

## III.  Motion to Abate

Though styled as a "motion to abate," this motion is effectively a motion to stay. Whether to issue a stay is "an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."[3] "[I]n general an insurer's duty to indemnify cannot be determined until after the underlying suit has been resolved."[4] Accident Insurance asserts there are

---

[1] Doc. 1 at 4.

[2] Doc. 26 at 2.

[3] *Ind. State Police Pension Trust v. Chrysler, LLC*, 556 U.S. 960, 961 (2009) (cleaned up).

[4] *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008).

two exceptions to this rule.  First, "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*."[5]  Second, "parties may offer extrinsic evidence to prove or negate the insurer's duty to indemnify if the underlying lawsuit never goes to trial or if trial does not develop the facts necessary to determine policy coverage."[6]

The first exception is inapplicable here, as Accident Insurance admits it has a duty to defend Velazquez.  As for the second exception, assuming it is an exception, the argument falls short.  Accident Insurance argues that the exception applies because it believes that the trial will not develop facts necessary to determine policy coverage.  Accident Insurance's contention contradicts common sense.  If Velazquez wins the underlying lawsuit, he won't have damages and, as a result, Accident Insurance would not have to pay anything as an indemnity.  So, the key fact—the question of liability—remains to be determined at the state-court level.

The Court declines to stay or abate the case.  Instead, the Court **VACATES** all deadlines postdating the filing of the motion to abate, **ORDERS** the parties to file a status report within 30 days of the resolution in the district court of the underlying lawsuit, and **ORDERS** the parties to file a status report every six months from the date of this order.  As a result, the Court **FINDS AS MOOT** the motion to abate.

---

[5] *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

[6] *Hartford Cas. Ins. Co. v. DP Eng'g, L.L.C.*, 827 F.3d 423, 430 (5th Cir. 2016).

### IV. Motions to Extend Time to Mediate and Continue

Because the Court vacates the deadlines, the Court **FINDS AS MOOT** the motions to extend time to mediate and the motion to continue.

### V. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion for partial summary judgment, **FINDS AS MOOT** the motions to abate, extend time to mediate, and to continue. Further, the Court **VACATES** all deadlines postdating the filing of the motion to abate. The Court **ORDERS** the parties to file a status report within 30 days of the resolution in the district court of the underlying lawsuit and **ORDERS** the parties to file a status report every six months from the date of this order.

**IT IS SO ORDERED** this 15th day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE